IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRADLEY DEWAYNE SPORTSMAN,

    **Plaintiff,**

v.                                                    CASE NO. 24-3103-JWL

DARCIE HOLTHAUS,  et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Ellsworth Correctional Facility in Ellsworth, Kansas.  The Court granted Plaintiff leave to proceed in forma pauperis.  On July 1, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC") granting Plaintiff until August 1, 2024, in which to show good cause why Plaintiff's Complaint should not be dismissed for failure to state a claim. Plaintiff has failed to respond by the Court's deadline.

Plaintiff alleges an Eighth Amendment violation based on the denial of his requests for shoulder surgery.  Plaintiff attached the responses to his grievances regarding his shoulder surgery. On January 2, 2024, the Warden responded to Plaintiff's grievance indicating that Plaintiff had been advised that he has not been denied for surgery, "but there are steps that may need to be taken prior to a surgery being approved." (Doc. 1–1, at 3.)  The delay was based on adjustments to his medication for seizure control to decrease his risk during surgery.  The Court found in the MOSC that based on the responses to his grievances, it appears that Defendants are not disregarding a risk to his health or safety.  Rather, Defendants are refusing to disregard the risk and are taking necessary precautions to ensure his safety.

1

The Court found in the MOSC that Plaintiff's allegations do not show a complete lack of medical care, but rather show Plaintiff's disagreement regarding the proper course of treatment. An apparent disagreement over course of treatment does not rise to the level of a constitutional violation. *Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.")

The Court also found that Plaintiff failed to show that any defendant was deliberately indifferent to his medical needs. Plaintiff failed to show that Defendants disregarded an excessive risk to his health or safety or that they were both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and also drew the inference.

Plaintiff has failed to respond to the MOSC by the Court's deadline. The Court's MOSC provides that "failure to respond by the deadline may result in dismissal of this action without further notice for failure to state a claim." (Doc. 4, at 7.) Plaintiff has failed to show good cause why his Complaint should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated August 19, 2024, in Kansas City, Kansas.**

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE
