IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRADLEY DEWAYNE SPORTSMAN,

    **Plaintiff,**

    v.                                               CASE NO. 24-3103-JWL

DARCIE HOLTHAUS, et al.,

    **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brought this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Ellsworth Correctional Facility in Ellsworth, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. On August 19, 2024, the Court entered a Memorandum and Order (Doc. 7) dismissing this case for failure to state a claim.

This matter is before the Court on Plaintiff's motion (Doc. 9) seeking to lower his monthly installment payments. Plaintiff asks the Court to lower his monthly installment payments from 20% to 15%, arguing that he only receives $25.00 and does not have a job. (Doc. 9, at 1.)

The Court's order granting Plaintiff leave to proceed in forma pauperis provides that: "Plaintiff remains obligated to pay the remainder of the $350.00 filing fee. The agency having custody of plaintiff shall forward payments from plaintiff's account in installments calculated under 28 U.S.C. § 1915(b)(2)." (Doc. 3.) The statute provides that:

> After payment of the initial partial filing fee, the prisoner *shall be required* to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner *shall* forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2) (emphasis added).

1

Plaintiff has not pointed to any authority that would allow the Court to dispense with the requirements of § 1915(b)(2), and the Court is not aware of any authority for exceptions to the statute. "An inmate's obligation to pay the filing fee is statutory (in other words, it is mandatory due to an Act passed by Congress, here 28 U.S.C. § 1915(b)(2)) and is extinguished only when the fee is paid in full." *Woods v. Cook Cty. Jail*, 2018 WL 10807914, at *1 (N.D. Ill. 2018) (citation omitted). Plaintiff asks the Court to lower the percentage amount from 20% to 15%. However, "[t]he percentage is set by statute and cannot be altered." *Connolly v. Cascade Cty. Regional Prison*, 2021 WL 11551665, at *1 (D. Mont. 2021) (citing 28 U.S.C. § 1915(b)(2)). The percentage is calculated for all deposits, regardless of the source of the income. *See Cosby v. Meadors*, 351 F.3d 1324, 1326–27 (10th Cir. 2003) (interpreting "income" in the provision "to include all deposits to the prisoner's inmate account, whether the deposits be earned income, a gift, or otherwise" and stating that "given Congress's declaration that 'the prisoner shall be required to pay the full amount of the filing fee,' we would expect it to proceed as any creditor and look to all deposits to the prisoner's account as potential sources for the payment"). The language in the statute is mandatory. Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED THAT** Plaintiff's motion (Doc. 9) seeking to lower his monthly installment payments is **denied.**

**IT IS SO ORDERED**.

**Dated July 30, 2025, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**